IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JIMMIE L. DAVIS,

    Defendant.                             Case No. 08-cr-30011-1-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Defendant Jimmie L. Davis has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 38). Administrative Order No. 102[1] was issued in this case (Doc. 40) and the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois was appointed to represent Defendant in this matter for the purposes of determining whether a reduction of sentence pursuant to **18 U.S.C. §**

---

[1] Administrative Order No. 102, dated December 19, 2007, instructs the Clerk of the Court to appoint the Federal Public Defenders Office to represent each defendant who files a motion for reduction of sentence based upon the amended advisory sentencing guidelines regarding the disparity between sentences for convictions of powder cocaine offenses versus crack cocaine offenses (*see* United States Sentencing Guidelines § 2D1.1).

**3582** was appropriate. Protocol implemented by the FPD requires a review of Defendant's case to determine eligibility for a sentence reduction and then to either file an amended petition requesting said reduction if Defendant is determined to be eligible or else a motion to withdraw from representation if Defendant is found ineligible.

Also before the Court is the FPD's Motion to Withdraw (Doc. 45) on the basis that the FPD can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). ***See Anders v. California*, 386 U.S. 738, 744 (1967)**. The Court allowed Defendant time to file a response (Doc. 46). To date, no response has been filed. The FPD has determined, after review of Defendant's case, that he is ineligible for a **§ 3582** sentence reduction. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Defendant, however, was sentenced on December 19, 2008 (Doc. 31), using the 2007 Sentencing Guidelines Manual and therefore the amended crack cocaine guideline was already applied when determining his sentence, which was a statutroy mandatory minimum sentence of sixty (60) months (Docs. 31 & 33).

As such, the Court lacks subject matter jurisdiction to consider his reduction request. ***See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-**

38.  The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 45) and **DISMISSES** for lack of jurisdiction Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 38).  The Clerk is **DIRECTED** to mail a copy of this Order via U.S. mail to defendant Jimmie L. Davis, #07883-025, Butner LOW FCI, Inmate Mail/Parcels, P.O. Box 999, Butner, NC 27509.

**IT IS SO ORDERED.**

Signed this 19th day of April, 2010.

/s/  David R Herndon
**Chief Judge**
**United States District Court**